UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **United States of America,** Plaintiff; | Crim. No. 13-110-KOB-HGD |
| v. | |
| **René Elizabeth Nutter,** Defendant. | **Defendant's motion to dismiss the Indictment or compel an election.** |

A count in an indictment is defective if it charges more than one crime.[1] Defendant, René Nutter, is charged in a one count indictment with knowingly enrolling ineligible "participants" in Job Corps, in violation of Title 18, United States Code, Section 665. Discovery indicates that the Government plans on presenting evidence that Ms. Nutter enrolled multiple ineligible students. Under Section 665, the enrollment of each ineligible student constitutes a new and separate crime. Accordingly, Count One should be dismissed because it charges more than one crime.

---

[1] *United States v. Bins*, 331 F.2d 390, 392 (5th Cir. 1964); *see also United States v. Wright*, Crim. No. 11-0262, 2012 WL 1231881, *1 (S.D. Ala. 2012).

## I. Legal Standard.

Duplicity is the joining of two or more offenses in a single count. The prohibition of duplicitous counts is embodied in Federal Rule of Criminal Procedure 8(a) which provides for a separate count for each offense.

The vice of duplicity is that there is no way for a jury to convict on one offense and acquit on another offense contained in the same count. A closely related problem is that, because the jurors have two crimes to consider in a single count, they may convict without reaching a unanimous agreement on either. A general verdict of guilty will not reveal whether the jury unanimously found the defendant guilty of either offense, both offenses, or guilty of one crime and not guilty of the other. This uncertainty could prejudice defendant in sentencing, in any appellate review, and in guarding against double jeopardy.

In *Bins v. United States*, the Fifth Circuit adopted a test for duplicity based on the *Blockburger* rule.[2] Under the *Bins* test, to determine whether a single count is duplicitous, the Court should ask whether dissimilar facts would have to be proven.[3] For example, in *Bins*, the defendant was charged in a single count with lying on two different documents, in violation of Title 18,

---

[2] *Bins*, 331 F.3d at 393 (*citing Blockburger v. United States*, 284 U.S. 299 (1932)).

[3] *Id*.

United States Code, Section 1010.  Because Section 1010 criminalizes the making of "any statement" known to be false, "[t]he filing of each false document would constitute a crime, and each should be alleged in a separate and distinct count of the indictment."

## II.  Application of Law to the Facts

In this case the Indictment charges that:

> From on or about June 2009, until on or about July, 2010, more exact dates being unknown, in Etowah County, within the Northern District of Alabama, the defendant,
>
> RENE ELIZABETH NUTTER,
>
> being an officer, director, agent, an employee of and connected with an agency and organization receiving financial assistance and funds under title I of the Workforce Investment Act, did knowingly **enroll ineligible participants** in a program, to wit, Job Corps, whose moneys, funds, assets and property are the subject of a financial assistance agreement and contract pursuant to title I of the Workforce Investment Act, and that value of the moneys, funds, assets and property received by and on behalf of the ineligible participants exceeded one thousand dollars($1,000.00), in violation of Title 18, United States Code, Section 665.

Indictment (Doc. 1) (emphasis added).

As in *Bins*, the Indictment in this case is fatally defective because it charges multiple crimes in the same count.  Title 18, United States Code, Section 665 makes it a crime to "... knowingly enroll[] an ineligible participant..."

Accordingly, the enrollment of each ineligible student would constitute a crime, and each should be alleged in a separate and distinct count of the Indictment.

Instead, this Indictment lumps all of the participants together, creating the risk of a less than unanimous guilty verdict.  Therefore, the defense requests that the court either dismiss Count One of the Indictment or order the Government to elect a single participant who it believes was wrongfully enrolled.

Respectfully submitted,

 /s/ F. Andino Reynal
F. Andino Reynal
Texas Bar No. 24060482
917 Franklin St., Suite 600
Houston, Texas 77002
Phone: (832) 427-2711

ATTORNEY FOR
RENÉ ELIZABETH NUTTER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **United States of America,** Plaintiff; v. **René Elizabeth Nutter,** Defendant. | Crim. No. 13-110-KOB-HGD **Order on Defendant's motion to dismiss the indictment or compel an election.** |

Pending before the Court is Defendant, René Elizabeth Nutter's, motion to dismiss the Indictment or, in the alternative, to compel an election.

The Court ORDERS that the Motion is GRANTED.

Signed this ___ day of _____, 2013.


_____
Karon O. Bowdre
United States District Court Judge.